**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

IN RE APPLICATION OF GMJ ASSET
MANAGEMENT COMPANY, INC.

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782

**ORDER**

**22-MC-123 (JW)**

-----------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On May 2, 2022, Petitioner GMJ Asset Management Company, Inc. ("GMJ") applied for an Order pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of subpoenas to be served on KBC Bank NV, New York Branch, KBC Financial products USA Inc., KBC Securities USA LLC, and any other U.S. subsidiaries of KBC Bank (collectively "KBC NY"), several of which are listed in the Application. See Dkt. No. 1 at fn. 1. Petitioner also sought discovery from the Federal Reserve Bank of New York (the "Federal Reserve Bank"). Id at 1.

In support of the Application, Petitioner submitted a Memorandum of Law, Dkt. No. 6 ("Memo."), as well as supporting declarations from Mark Gelfand, Dkt. No. 5 (the "Gelfand Decl."), George Benaur, Dkt. No. 4 (the "Benaur Decl."), and Johan Durnez, Dkt. No. 3 (the "Durnez Decl."), all attaching certain exhibits. On June 13, 2022, all Parties consented for this action to proceed before a Magistrate Judge. Dkt. No. 19. On June 15, 2022, District Judge Ronnie Abrams ordered the same. Dkt. No. 20. On July 22, 2022, Respondent filed their Opposition, Dkt. No. 25 ("Opp."), as well as supporting declarations from Diane Grimmig, Dkt. No. 26 (the "Grimmig Decl."),

1

and Johan Verbist, Dkt. No. 27 (the "Verbist Decl."). On July 27, 2022, Petitioner filed their Reply memorandum, Dkt. No. 30 ("Reply"), as well as a supporting declaration from Johan Durnez, Dkt. No. 28 (the "Durnez Reply Decl.") and a supporting affirmation from George Benaur, Dkt. No. 29 (the "Benaur Aff."). On August 17, 2022, a hearing was held in this matter. Dkt. No. 32; see also Hearing Transcript, Dkt. No 33 ("H'ng Tr.").

The Federal Reserve Bank did not filed papers in this matter and did not appear on the record at the hearing, though a representative was in attendance.

## BACKGROUND

This discovery request is for documents and deposition testimony regarding certain certificates of private capital for gold, which were allegedly deposited with KBC Bank in Belgium ("KBC Belgium") in 1996. Memo. at 5. KBC Belgium maintains that the certificates were not real, and the Bank never received the gold that was the subject of those certificates. Opp. at 4.

For almost two decades, KBC Belgium has litigated questions regarding these gold certificates and their legitimacy. Owners of forged gold certificates have pursued litigation against KBC Belgium, and several of these lawsuits have been litigated to completion. Opp. at 4. KBC Belgium has consistently been found non-liable. Id. at 5. Belgian counsel in the instant matter pursued one of these cases on behalf of New York Food Company; that litigation began in 1999 and moved through the Belgian appellate process until 2015, when the dismissal of those claims was affirmed. Id. Relatedly, in 2005 two individuals were convicted criminally of forgery, use of forged

2

documents, and attempted embezzlement in connection with these same certificates. Id. at 4. These convictions have also been litigated to completion in the Belgian court system. Id. at 4-5.

The instant litigation began in October 2020. Memo. at 5. Petitioner states that they are the holder of certain certificates that originally belonged to a company called Metmar. Id. Petitioner asserts they have discovered some new information that supports this new litigation against KBC Belgium. This includes confirmation that the bank that allegedly issued the certificates did, in fact, exist, Id. at 6, as well as information related to an article written by a journalist named Igor Korolkov "who is convinced that the subject gold was deposited with KBC [Belgium]." Id. at 6-7.

Petitioner seeks fourteen categories of documents related to certain certificates for gold deposits, the majority of which are sought from KBC NY, and some of which are sought from the Federal Reserve Bank. Memo. at 2. Petitioner also seeks to take a 30(b)(6) deposition of KBC NY's corporate representative. Memo. at 1.

## **LEGAL STANDARD**

28 U.S.C. § 1782 governs "assistance to foreign and international tribunals and to litigants before such tribunals." The statute states: "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested

3

person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." 28 U.S.C. § 1782(a).

The Second Circuit has identified the requirements set forth by the statute as "(1) the person from whom discovery is sought must reside or be found in the district of the district court to which the application is made, (2) the discovery must be for use in a proceeding in a foreign or international tribunal, and (3) the application must be made by a foreign or international tribunal or by any interested person." In re Application of Aldunate, 3 F.3d 54, 58 (2d Cir. 1993) (internal quotations omitted). "[O]nce the statutory requirements are met, a district court is free to grant discovery in its discretion." In re Application for an Order Permitting Metallgesellschaft AG to Take Discovery, 121 F.3d 77, 79 (2d Cir. 1997). When determining whether to exercise its discretion the Court considers four factors: "(1) whether the person from whom discovery is sought is not a participant in the foreign proceeding and is therefore outside the foreign tribunal's jurisdictional reach; (2) the nature of the foreign tribunal and its receptivity to judicial assistance by U.S. federal courts; (3) whether the request conceals an attempt to circumvent foreign evidence-gathering rules; and (4) whether the request is unduly intrusive or burdensome." In re Application of Hornbeam Corp., No. 14-mc-424 (VSB), 2014 WL 8775453, *4 (S.D.N.Y. Dec. 24, 2014) (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004).

4

## DISCUSSION

A. **The Statutory Requirements.**

Petitioner must first demonstrate that the three statutory requirements of 28 § 1782 are met.

1. **The person from whom discovery is sought resides in the Southern District of New York.**

The United States Code defines "person" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals." 1 U.S.C. § 1. Thus, for purposes of 28 U.S.C. § 1782, a person includes a corporation or any other business entity. As for the requirement of residence, KBC NY is not only located in this district, but also maintains its U.S. headquarters on Sixth Avenue, while its Financial Products division is located above Grand Central. Memo. at 8. As such, the KBC NY entities from which Petitioner seeks discovery are located within the Southern District of New York. This Court has granted applications pursuant to Section 1782 against banks with New York offices. See, e.g., Hornbeam Corp., 2014 WL 8775453, at *3. The Application for discovery from KBC NY therefore satisfies the first prong for discovery under Section 1782.

Petitioner does not state in their papers whether the Federal Reserve Bank also satisfies this element of Section 1782. However, as the Federal Reserve Bank of New York is located at 33 Liberty St, New York, New York, and this Court has previously allowed Section 1782 subpoenas to be issued on the Bank, The Federal Reserve Bank is found to reside in this district. See, e.g., In re Klein, No. 20-mc-203

5

(PKC), 2022 WL 1567584, at *2 (S.D.N.Y. May 18, 2022) (noting that a Section 1782 application for discovery from Federal Reserve Bank of New York had been granted).

## 2.     The discovery is for use in a foreign or international tribunal.

Since Petitioner filed their application, the Supreme Court has narrowed the meaning of "foreign or international tribunal" for purposes of 28 U.S.C. § 1782. The term is now limited to "governmental or intergovernmental" adjudicative bodies. ZF Automotive US, Inc., *et al.*, v. Luxshare LTD, 142 S. Ct. 2078, 2083 (2022). Specifically, the Supreme Court drew a distinction between tribunals that are "simply located in a foreign nation" and tribunals that "belong to a foreign nation." Id. at 2087. Section 1782 may only be used for proceedings that are before the latter category of adjudicative body. As Petitioner does not indicate an intent to use the discovery sought in the context of a private tribunal, this Application still satisfies the foreign tribunal element of 28 U.S.C. § 1782.

Regarding the "use" element, petitioner vaguely indicates that they are considering initiating certain actions in the Belgian courts. See Memo. at 7. At the hearing, Petitioner's counsel stated that the claims were "far beyond" tangential or hypothetical. Hearing Transcript at 7:22, Dkt. No. 33 ("H'ng Tr."). Petitioner's counsel cited to evidence "including the investigative journalism report of Mr. Karenkov" as well as declarations stating that "these claims are very well formulated, and they will be brought." Id. at 7:22-8:5. Petitioner's counsel also stated that he "wrote to the prosecutor's office in Hasselt, Belgium, several weeks ago specifically

6

requesting that they begin an investigation and they provide the records in connection with this case" but that he was "still waiting for a reply." Id. at 8:17-22.

In response to further inquiry, Petitioner's counsel asserted that it was his understanding "that those claims can still be timely under Belgian law," H'ng Tr. at 11:25-12:2, and repeatedly asserted that there was no evidence that a merits-based evaluation of the veracity of the subject certificates had ever been conducted. Id. at 14:12-23. Petitioner stated that if Respondent could show that "this was all decided in the Belgian courts" that would be something to review with "great interest," but that they "don't think that's the case." Id. at 15:7-18.

However, the posture of these pending litigations is particularly weak. Considering the extent to which this issue has been litigated in the Belgian courts, including having been fully appealed and the criminal convictions of two persons for forging these certificates, the Court does not find it likely that Petitioner has much likelihood of success on their claims in Belgium or for that matter in any other forum. Furthermore, the Court is not persuaded by Petitioner's main source of evidence—a single, un-dated and uncorroborated article—that any particularly significant new information has come forward. See generally Benaur Decl. Ex. G.

However, § 1782 does not require that a proceeding be "pending" or "imminent." Intel, 542 U.S. at 259. The fact that these actions have not yet been initiated is not a barrier to discovery under the statute; in Intel, the Supreme Court explicitly "reject[ed] the view . . . that § 1782 comes into play only when adjudicative proceedings are 'pending' or 'imminent.'" Intel, 542 U.S. at 259. In light of that, as

Petitioner has articulated an intent to bring proceedings forward, this prong is (barely) satisfied.

3. **The application is made by an interested person.**

Petitioner GMJ is and/or will be the claimant in any foreign proceedings for which this discovery is sought. As noted above, GMJ is a person for purposes of Section 1782, per the definition of "person" established in 1 U.S.C. § 1. The Supreme Court has found that an interested party is any person who "possesses a reasonable interest in obtaining judicial assistance." Intel, 542 U.S. at 256 (internal quotations omitted). As Petitioner is the party pursuing foreign proceedings arising out of this dispute, Petitioner constitutes an interested person for purposes of the statute. See also Application of Malev Hungarian Airlines, 964 F.2d 97, 101 (2d Cir. 1992) (reading "interested person" broadly and noting the legislative intent to "liberalize the assistance provided by American courts to foreign and international tribunals").

B. **The Four *Intel* Factors.**

As the statutory requirements have been satisfied, the Court now turns to the four Intel factors to determine whether to exercise its discretion with respect to this § 1782 request. The Court does not find the first three factors particularly dispositive in this case; the person from whom discovery is sought is outside the foreign tribunal's jurisdictional reach, the nature of the foreign tribunal is that it is the national court system of Belgium, and while it is not entirely clear that the request is attempting to circumvent Belgium's evidence-gathering rules, the Court notes the prior actions in this case have all taken place in Belgium and Respondents indicated any documents

would need to be translated from Dutch and comply with the General Data Protection Regulation ("GDPR"). See H'ng Tr. at 24:12-18.

However, the Court finds that the fourth Intel factor, whether the request is unduly intrusive or burdensome, weighs strongly against granting the Petition with respect to KBC NY. As noted above, while Petitioner has stated an intent to begin a proceeding connected with the discovery sought, the circumstances surrounding this case make it unlikely that any future litigation is any more than a nuisance suit brought against an entity that has already litigated these issues thoroughly. While this may be "more than a twinkle in counsel's eye," H'ng Tr. at 7:21, it still has the air of a "fishing expedition." H'ng Tr. 9:8-9.

KBC NY has identified several reasons why this discovery request would be burdensome. These include: running searches for the documents from 1995 to the present, Opp. at 20; prepping for a 30(b)(6) deposition regarding a transaction in which KBC NY played no part and which took place 26 years ago in Belgium, Id.; that KBC Belgium has already litigated this issue to completion in Belgium and provided its briefing, exhibits, and decisions to Petitioner's counsel, Id.; and the need to translate any documents, if found, and comply with the redaction requirements of the GDPR. H'ng Tr. at 24:12-18. Adding to this, KBC NY has repeatedly represented that they have no reason to believe that there is any responsive information to be found in New York, Opp. at 24 and H'ng Tr. at 24:18-20.

As such, the Court finds that instructing KBC NY to produce documents or produce a witness for a 30(b)(6) deposition would be particularly burdensome and intrusive considering the posture of this litigation, and the history of these claims.

Petitioner also seeks discovery from the Federal Reserve Bank. The Federal Reserve Bank did not file any opposition or objection in this matter and did not speak on the record at the Hearing. As such, no burden has been identified, and the Court notes that the discovery sought from the Federal Reserve Bank is more limited in scope than that sought from KBC NY. As the Intel analysis is the same except with respect to burden, the Court finds that the factors weigh in favor of discovery from the Federal Reserve Bank.

## **CONCLUSION**

For the foregoing reasons, the request for discover pursuant to 28 U.S.C. § 1782 is DENIED as to KBC NY, but GRANTED as to the Federal Reserve Bank. The Clerk of Court is respectfully directed to close this miscellaneous action.

SO ORDERED.

DATED:   New York, New York
         September 29, 2022

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge